IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                Plaintiff,

v.

D. GARNER, et al.

                Defendants.

OPINION and ORDER

16-cv-852-jdp

---

Plaintiff Helson Pabon Gonzalez, a prisoner at the Wisconsin Secure Program Facility, located in Boscobel, Wisconsin, has filed a proposed 85-page complaint, written mostly in Spanish, along with a box containing more than a thousand pages of prison-related documents. Pabon Gonzalez has also filed motions for the use of release account funds and for appointment of counsel. The court would usually seek financial information from Pabon Gonzalez before considering his complaint, but because of the serious problems with his submissions, I will give him a chance to decide how to proceed.

Pabon Gonzalez's complaint suffers from two major flaws that need to be fixed before the case can proceed. His complaint is mostly in Spanish, but at this time, the court does not have an official interpreter available to translate civil complaints from Spanish into English. If he wishes to continue with the case, he will have to file an amended complaint in English. I see from his motion for use of release account funds that he seems to be capable of writing in basic English.

But even if his complaint were in English, I would likely have to dismiss it because it is far too long (85 pages) and contains too many defendants (more than 40) to think that all of his claims belong together in the same lawsuit. Plaintiffs cannot bring unrelated claims against different sets of defendants together in one lawsuit. Under Federal Rule of Civil Procedure 20,

defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences.

I will give Pabon Gonzalez a short time to decide whether he wishes to continue pursuing this lawsuit. If he would like to continue, he must submit an amended complaint in English that sticks to one set of events and names as defendants the prison officials involved in violating his rights with regard to that set of events. Because I take him to be seeking leave to proceed *in forma pauperis*, he must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the date of the complaint. 28 U.S.C. § 1915(a)(2). If Pabon Gonzalez responds that he would not like to pursue the lawsuit or if he fails to respond to this order, I will dismiss the case without prejudice, and he will not owe a filing fee for it.

Pabon Gonzalez has submitted a box containing more than a thousand pages of prison documents. But this court does not need Pabon Gonzalez's evidence at this early stage of the proceedings; he should keep his evidence in his own possession until he is required to submit it in connection with a motion or at trial. I will direct the clerk of court to return those documents to him.

Pabon Gonzalez has also filed motions for the use of release account funds and for appointment of counsel, but I will deny those motions. Pabon Gonzalez suggests that he needs the use of release account funds to obtain more medical records, but it is unnecessary to consider this issue without a complaint that complies with the Federal Rules of Civil Procedure. He also has not shown that he needs the assistance of counsel to help him draft a complaint. And in any event, before assisting a pro se litigant in recruiting counsel, this court generally requires the litigant to show that he has made reasonable efforts to recruit counsel on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("[T]he district judge

must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). The court requires the pro se litigant to provide the names and addresses of at least three attorneys who declined to represent him. Before refiling his motion for assistance in recruiting counsel, Pabon Gonzalez should attempt to locate attorneys to assist him.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez may have until January 25, 2017, to respond to this order as discussed in the opinion above.

2. The clerk of court is directed to return to plaintiff the evidentiary materials he has submitted to the court.

3. Plaintiff's motions for use of release account funds, Dkt. 2, and appointment of counsel, Dkt. 3, are DENIED.

Entered January 4, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge