IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

              Plaintiff,

  v.

CHAD HENNEMAN, J. SWEENEY,
TIMOTHY BROMELAND, MS. IVERSON,
and C. SUTTER,

              Defendants.

ORDER

17-cv-715-jdp[1]

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. He has filed a series of lawsuits in this court over the past two years. In the above-captioned case, Pabon Gonzalez alleged that defendant prison officials gave him false conduct reports and unjustly fired him from his job in the prison kitchen. I dismissed the case at screening because the only plausible legal theory that could support his claims—a "class-of-one" equal protection theory—would fail because defendants would be entitled to qualified immunity. *See* Dkt. 18, at 4.

Pabon Gonzalez has filed a response to that order, and two other filings that pertain to several of his other cases. He responds directly to the dismissal of this case by filing a submission in which he states that I erred in dismissing the case and asking for production of a February 19, 2018 video recording that he says would show "C/O Wetter aggressive[ly] lift up me when I'm sleeping." Dkt. 25. But Wetter is not a defendant in this case, the February 19 incident was not part of his complaint, and Pabon Gonzalez does not explain how that

---

[1] I have provided only the caption for the '715 case. The clerk of court is directed to docket this order in Pabon Gonzalez's other cases in which the motions discussed here are docketed.

incident is connected to his original allegations, so I cannot consider the new filing as a supplement to the complaint. Nor does the new filing provide any reason for me to reconsider the dismissal on qualified-immunity grounds. So the '715 case will remain closed.

Pabon Gonzalez had filed a document in which he appears to be objecting to the Wisconsin Department of Justice representing defendants in his cases because he is innocent of the crimes of which he was convicted. Dkt. 26. It is unclear what role he believes the Wisconsin DOJ played in his state conviction (usually it is county district attorneys who prosecute criminal cases) but regardless, Department of Corrections officials, like any party, get to choose who will represent them, and Pabon Gonzalez has given me no reason to think that there is any conflict of interest involved in the DOJ representing defendants.

Pabon Gonzalez requests that most of his cases be transferred to another court because he believes that my rulings have been unfair. Dkt. 26. But dissatisfaction with a court's rulings is not a reason for transfer, and this court is the appropriate venue for his cases, so I will deny his motion.

Pabon Gonzalez has filed a document addressed to the clerk of court, Peter Oppeneer. Dkt. 27. Pabon's submission is difficult to understand but he seems to be writing to Oppeneer in his capacity as magistrate judge, stating that he consents to Oppeneer presiding over three of his cases. *Id.* Under 28 U.S.C. § 636(c)(1), the district court may refer a case to a magistrate judge when all parties agree to do so. But the court retains discretion to retain jurisdiction over a case even when both sides consent to a magistrate judge's jurisdiction. I will deny the motion because this court does not assign Magistrate Judge Oppeneer to preside over cases, and even if it did, there is no reason to change judges in any of Pabon Gonzalez's open cases, particularly given that I have already reviewed all of his complaints that were ripe for screening.

2

Finally, I take Pabon Gonzalez to be asking the court's assistance in recruiting him counsel. Dkt. 26. But he must show that the legal and factual difficulty of a particular case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655.

Pabon Gonzalez's task in most of his still-open cases is to amend his complaints to explain who violated his rights and how they did so, which is not a task that he should need counsel for. And it is far too early to consider recruiting counsel for him in the cases in which he has claims that passed screening. For example, his cases have not even passed the relatively early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which often ends up in dismissal of cases like these before they advance deep into the discovery stage of the litigation. I will deny his motion as premature. As his cases progress, if he continues to believe that he is unable to litigate them himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself in each particular case in which he seeks counsel.

Pabon Gonzalez filed his request for counsel instead of filing amended complaints in case nos. 17-cv-851-jdp, 17-cv-852-jdp, 18-cv-160-jdp, and 18-cv-162-jdp. I will give him a final, short time to submit amended complaints in those cases or I will dismiss them for his failure to state claims upon which relief may be granted.

One last point: Pabon Gonzalez's tone in his filings is incivil and rude. If he continues to make rude and disrespectful comments, I will summarily deny his requests for relief.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's motion is response to the court's order dismissing case no. 17-cv-715-jdp, Dkt. 25, is DENIED.

2. Plaintiff's motion regarding the Wisconsin Department of Justice's representation of defendants, Dkt. 26, is DENIED.

3. Plaintiff's motion to transfer cases, Dkt. 26, is DENIED.

4. Plaintiff's motion regarding consent to a magistrate judge, Dkt. 27, is DENIED.

5. Plaintiff's motion for the court's assistance in recruiting him counsel. Dkt. 26, is DENIED without prejudice.

6. Plaintiff may have until October 8, 2018, to submit amended complaints in case nos. 17-cv-851-jdp, 17-cv-852-jdp, 18-cv-160-jdp, and 18-cv-162-jdp.

Entered October 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge