IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                      Plaintiff,

  v.                                                      ORDER

CORRECTIONAL OFFICER BLISS,                 17-cv-851-jdp[1]

                      Defendant.

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. He has recently filed a series of lawsuits in this court, many of which contained allegations that were too vague to state claims for relief. In an October 1, 2018 order, I denied Pabon Gonzalez's motion for recruitment of counsel, and noted that he had failed to submit amended complaints in several cases by the deadlines set by the court. Dkt. 14. I gave him a final chance to submit amended complaints in case nos. 17-cv-851-jdp, 17-cv-852-jdp, 18-cv-160-jdp, and 18-cv-162-jdp. *Id.*

Pabon Gonzalez has responded by filing two submissions, Dkt. 15 and Dkt. 16. I take his first submission to be an attempt at amending his complaint in case no. 17-cv-851-jdp, a case in which he sues defendant Correctional Officer Bliss for harassing him in a variety of ways, including confiscating some of his possessions and giving him false conduct reports. Dkt. 19, at 1–2. But his new allegations reiterate what he said in his original complaint; he still does not provide allegations that support any claims for relief.

---

[1] I have provided only the caption for case no. 17-cv-851-jdp. The clerk of court is directed to docket this order in Pabon Gonzalez's other cases in which the motions discussed here are docketed.

Pabon Gonzalez goes on to say that my one-week final deadline is too short for him to amend his complaints in the other cases, and that he instead wants to "archive" case nos. 17-cv-715-jdp, 17-cv-761-jdp, 17-cv-852-jdp, 18-cv-161-jdp, and 18-cv-162-jdp, and refile them in 2020, after he is released from prison. *Id.* at 2–3. The '715, '761, and '161 cases are already closed and judgment has been entered against him, so I cannot consider his request in those cases. But I will consider it as a request in the other two cases.

In his second submission, he asks the court to appoint counsel for him in the other two cases in which he was directed to file amended complaints, the '851 case and the '160 case. He also seeks counsel for the two cases he has that have passed screening, case nos. 16-cv-852-jdp and 17-cv-850-jdp, and an un-numbered case against Correctional Officer Wetter, which I take to be one of his three newest cases, 18-cv-787-jdp.

The focus of this order is the four cases in which Pabon Gonzalez still has not provided allegations that state claims upon which relief may be granted: 17-cv-851-jdp, 17-cv-852-jdp, 18-cv-160-jdp, and 18-cv-162-jdp. Pabon Gonzalez argues that my last order did not give him enough time to amend his complaints, but that was not the only time I gave him for that task: in each case I first gave him three weeks to amend his complaint, but he failed to do so. This is the third order I am entering in each of those cases, without completion of the screening stage. It is time to fully resolve those issues.

I will give Pabon Gonzalez a final choice: he will have a short time to submit amended complaints in those cases, or he can voluntarily dismiss them. I cannot "archive," stay, or close cases for years and then let a plaintiff reopen them. For each case that he chooses to voluntarily dismiss, he will still owe a filing fee, but the dismissal will be without prejudice so that he can

refile the case later if he so chooses. If Pabon Gonzalez does not respond by the deadline below or he gives a response that inadequately addresses the options I have given him, I will consider dismissing each case with prejudice for his failure to state a claim upon which relief may be granted, and assessing him a "strike" for each case under 28 U.S.C. § 1915(g). He already has two strikes, so if he collects a third, it will mean that he cannot proceed *in forma pauperis* with cases unless he alleges that he is in imminent danger of serious physical harm.

I will not recruit counsel to assist him with his choice because he does not need counsel to amend his complaints or to decide to dismiss the cases. Nor will I recruit him counsel for his other currently open cases. As I explained in my last order, it is too early to consider recruiting counsel for him in those cases. *See* Dkt. 14, at 3. And moreover, there are simply not enough lawyers willing to take on pro bono representation for me to consider recruiting counsel for each of his several pending cases.

Pabon Gonzalez also asks about the progress of the three newest cases he has filed, case nos. 18-cv-784-jdp, 18-cv-786-jdp, and 18-cv-787-jdp. I am holding off on assessing his initial partial payment of the filing fees for those cases until he responds to this order; if he receives any strikes in those cases, the screening of the new cases will be affected.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's motion for recruitment of counsel, Dkt. 16, is DENIED without prejudice.

2. Plaintiff may have until October 26, 2018, to respond to this order as discussed above.

Entered October 12, 2018.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge