IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

               Plaintiff,

v.                                                     ORDER

SALAM SYED, JOHN DOE NURSE,                 16-cv-852-jdp
and DANE ESSER,[1]

               Defendants.

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at Wisconsin Secure Program Facility (WSPF). He alleges that defendants Dr. Salam Syed, John Doe Nurse, and Dane Esser violated his rights under the Eighth Amendment and Wisconsin negligence law when they harmed him by attempting to insert a feeding tube even after he agreed to stop a hunger strike.

Pabon Gonzalez has filed several documents to which I will respond in this order. First, he has submitted a document in which he states that prison officials interfered with his attendance at preliminary pretrial conferences in cases in this court and the United States District Court for the Eastern District of Wisconsin. Dkt. 57, at 1. But my review of the court docket shows that this court has held pretrial conferences in the cases in which Pabon Gonzalez has successfully pleaded claims. Interference with Eastern District proceedings is an issue that Pabon Gonzalez should raise in that court.

In two filings, Pabon Gonzalez states that he had limited law library access while he was incarcerated Fox Lake Correctional Institution (FLCI), Dkt. 57 and Dkt. 62, but he is no

---

[1] I have amended the caption to include defendants' first names as stated in their filings.

longer incarcerated there so is no reason to consider the issue further. If Pabon Gonzalez believes that he cannot meet a particular court deadline because of his lack of access to the FLCI library, he should file a motion asking for an extension of that deadline and explaining how his lack of library time has hampered his litigation efforts.

Pabon Gonzalez also states that the conditions of his confinement while he was held in segregation at FLCI violated his rights in several ways, including that he was unfairly placed in either maximum or super-maximum status. Dkt. 57 and Dkt. 62. It is unclear whether he seeks court intervention with his confinement or to amend his complaint to include new claims about his confinement, but either way I would deny his motions. This case is about how Wisconsin Secure Program Facility officials treated him regarding his hunger strike, not about the conditions at FLCI. He is free to raise claims about FLCI in a separate lawsuit, but I warn him that because I have previously dismissed three of his lawsuits under 28 U.S.C. § 1915 for being frivolous or for failing to state a claim upon which relief may be granted, he cannot proceed with a brand-new case without either (1) alleging that he is in imminent danger of serious physical harm; or (2) paying the full $400 fee up front.

Pabon Gonzalez has filed another document in which he states that Jolinda Waterman is "the name of the first nurse who hurt me." Dkt. 64. I take him to be identifying Waterman as the "John Doe Nurse" defendant in this case, so I will direct the clerk of court to amend the caption to include Waterman as a defendant.

From the caption of this document and statements Pabon Gonzalez makes about other nurses harming him as well, it is unclear whether he seeks to amend his complaint further to add more defendants. Right now the only defendants are Syed, Waterman, and Esser. Should Pabon Gonzalez want to amend his complaint to include more defendants, he should file a

2

supplement to his complaint in which he explains who the proposed new defendants are, what they did to violate his rights, and why the court should allow him to amend his complaint this far into the proceedings.

The final issue raised by Pabon Gonzalez is about him authorizing the release of his medical records. He has filed a document that is somewhat difficult to understand, but in which I take him to be saying that he does not agree to the release of his entire medical file, as appears to be contemplated by copies of defendants' authorization-release form that he has filed. *See* Dkt. 62-1, Dkt. 63. It is unclear whether the parties actually dispute the scope of Pabon Gonzalez's authorization, so I will give defendants a short time to respond to Pabon Gonzalez's filing.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's motions for court intervention or to amend his complaint, Dkt. 57 and Dkt. 62, are DENIED.

2. Plaintiff is GRANTED leave to proceed on Eighth Amendment and Wisconsin-law medical malpractice claims against defendant Jolinda Waterman. The clerk of court is directed to add Waterman to the caption.

3. The attorney general's office may have until May 31, 2019, to explain whether it will represent defendant Waterman.

4. Defendants may have until May 31, 2019, to respond to plaintiff's filings regarding his authorization to release medical records.

Entered May 20, 2019.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge