IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABÓN GONZÁLEZ,

                Plaintiff,

v.                                                   OPINION and ORDER

SALAM SYED, JOLINDA WATERMAN,                   16-cv-852-jdp
and DANE ESSER,

                Defendants.

---

Plaintiff Helson Pabón González alleges that defendants Salam Syed, Jolinda Waterman, and Dane Esser violated his rights under the Eighth Amendment and Wisconsin medical-malpractice law in October 2015 when they injured him by attempting to insert a feeding tube into his nose even after he agreed to stop a hunger strike. Both sides have filed motions for summary judgment. I will deny Pabón González's motion as inadequately supported. I will grant defendants' motion based on exhaustion grounds and I will dismiss Pabón González's federal claims.

That leaves Pabón González's medical malpractice claims, over which I will retain jurisdiction under the court's diversity jurisdiction. The parties continue to dispute the issue of Pabón González authorizing release of relevant medical records. I'll give Pabón González a final chance to sign defendants' latest form. If he does not do so, I will dismiss the case.

**A. Pabón González's motion for summary judgment**

Pabón González has filed what he calls a motion for summary judgment, Dkt. 73, but it does not come close to complying with this court's procedures; Pabón González did not file a brief explaining the grounds for his motion, and he does not include numbered proposed findings of fact. The only evidence he attaches to his motion are state circuit court orders

ordering the temporary use of a feeding tube and discontinuing that order several days later. Those documents provide some background to his claims but they do not show what defendants did to violate his rights, much less prove that he should win his claims as a matter of law. So I will deny Pabón González's motion.

**B. Defendants' motion for summary judgment**

Defendants seek partial summary judgment, contending that Pabón González failed to exhaust his administrative remedies for his federal claims about force-feeding. Dkt. 84.

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants say that Pabón González did not file a grievance about being injured by force-feeding. They produce Pabón González's grievance history from the past several years,

showing that he filed several hundred grievances from 2011 to 2019, and he filed several grievances in October 2015, the month in which he says that he was harmed while being force-fed. But none of them were about force-feeding. In particular, he filed a grievance stating that he was going to go on a hunger strike, *see* Dkt. 86-2 (No. WSPF-2015-20034), but that is not enough to put prison officials on notice about Pabón González's actual claim in this lawsuit about being force-fed. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (grievance must "alert[] the prison to the nature of the wrong for which redress is sought.").

Pabón González submits an opposition brief and declaration, Dkt. 91 & Dkt. 92. I know from previous cases that English is not Pabón González's first language, and his filings can sometimes be difficult to understand. But I take him to be saying that the grievance-history report is incomplete because not all of his attempts at filing grievances are included in the report. He lists about 20 grievances in his filings, some of which are not included on the grievance history report. All of these grievances except one are irrelevant because the dates associated with them place them well before or after the incidents at issue here. And I do not take Pabón González to be saying that any of them—again, with one exception—are related to his force-feeding. The one exception is an unnumbered grievance form, dated November 6, 2015, that Pabón González attaches to his declaration. Dkt. 92-1, at 1.[1] It's written in Spanish but it is clear that it discusses the administration of a feeding tube.

The mere fact that DOC's grievance-history report fails to include every filled-out grievance form is not dispositive in Pabón González's favor. The DOC grievance regulations allow for the return of a proposed grievance without it even receiving a number.

---

[1] The date on the version scanned into the docket is dated with the year "205," but the only reasonable inference is that the year is meant to be 2015.

*See* Wis. Admin. Code § 310.09(2)–(4) (2017) (grievances may be returned without processing for failing to comply with various technical requirements, or the examiner may direct the inmate to first attempt to informally resolve the problem). But even that scenario assumes that the examiner *received* the grievance. As defendants point out, Pabón González's grievance form doesn't have a date stamp or any other notation showing that it was ever received.

It is defendants' burden to prove a failure to exhaust, and they've explained their case for dismissal: they record and track all properly filed grievances; Pabón González had none about his force-feeding. I'd hold a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), if Pabón González's opposition created a genuine issue of dispute fact, but his opposition is devoid of any details raising a reasonable inference that he properly filed his grievance and that it was mishandled. Pabón González does not explicitly say that he in fact submitted the grievance. Nor does he explain what happened to it if he did submit it—whether it was properly or improperly returned to him for procedural errors, whether it was filed but later properly or improperly rejected or dismissed, or whether it outright disappeared—or what he did after any of these events occurred. I can't draw inferences for Pabón González that are supported by only speculation or conjecture. *Coleman v. City of Peoria, Ill.*, 925 F.3d 336, 345 (7th Cir. 2019). So without any explanation from Pabón González about the grievance form that he has attached to his opposition, he fails to create a dispute of fact requiring a hearing.

I will grant defendants' motion for summary judgment and dismiss Pabón González's Eighth Amendment claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Although the dismissal is without prejudice, Pabón González likely will not be able to exhaust his claims because any

future grievance would be untimely. Because the only claim against defendant Esser is an Eighth Amendment claim, I will dismiss Esser from the case.

**C. Remaining motions**

I have dismissed Pabón González's federal claims, but the case will continue because Pabón González still brings state-law medical malpractice claims. Pabón González states that he is a citizen of Puerto Rico, and defendants have not challenged the basis for diversity jurisdiction. The parties have filed several additional motions.

Pabón González has filed a motion to receive more library time. Dkt. 71. I will deny that motion as moot because Pabón González has been released from prison.

In his summary judgment opposition, Pabón González asks me to order defendants to submit a copy of a cell extraction that I take him to be saying is associated with the events of this case. But Pabón González does not explain if he has made a formal discovery request for the production of that video, so I will deny the motion to compel. If Pabón González is dissatisfied with a discovery request that he has already made, he can refile a motion to compel and explain his discovery efforts. If he hasn't filed a discovery request for production of that video, he should do so.

I previously gave defendants a chance to respond to Pabón González's filing suggesting that he would not agree to authorize the release of his entire medical file. Both parties have responded and defendants have filed a motion to compel Pabón González to sign a release that covers a span of two years (the year preceding the hunger strike and year following it). Dkt. 95. In Pabón González's filings, he reiterates his reluctance to share his entire medical file, and I take him to be saying that he wants to hold a meeting with counsel to go through his file,

document by document. *See* Dkt. 67. Pabón González also suggests that 10 days before trial, he'll sign the authorization form or turn over all the medical records he plans to use. Dkt. 70.

I'll formally deny defendants' motion to compel because this court won't force a plaintiff to turn over medical information; if Pabón González would rather maintain the privacy of his medical information, he is free do so. But defendants are correct that Pabón González's ultimate choice is either to share the relevant information with defendants or have the case dismissed. It would be unfair to defendants to defend against Pabón González's claims without this information. I'm not going to order either of Pabón González's proposed solutions: the parties are free to confer about the scope of relevant records, but I wouldn't expect defendants to meet with Pabón González to go through the documents page by page. And defendants are entitled to view the documents far earlier than ten days in advance of trial.

Pabón González hasn't articulated anything improper about the scope of defendants' most recent proposal—two years' worth of his records. Plaintiffs sometimes argue that categories of documents like psychological records are unrelated to the claims at hand and should remain private. But Pabón González has attached psychological records to some of his filings, and I take him to be saying that the force-feeding inflicted psychological harm on him. So he's given me no reason to limit the scope of types of medical records that defendants should have access to. I'll give Pabón González a final chance to sign defendants' proposed authorization form. *See* Dkt. 79-2. If he fails to do so, defendants should inform the court, and I will dismiss the case.

**D. Schedule**

I will set the following new schedule to give the parties time to submit substantive dispositive motions:

Dispositive motions deadline: May 4, 2020

Discovery cutoff: July 22, 2020

Final pretrial submissions and disclosures: July 29, 2020

Pretrial submission responses: August 12, 2020

Final pretrial conference: August 27, 2020, at 2:00 p.m.

Trial: Tuesday, September 8, 2020, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabón González's motion for summary judgment, Dkt. 73, is DENIED.

2. Defendants' exhaustion-based motion for summary judgment, Dkt. 84, is GRANTED; defendant Esser is DISMISSED from the case.

3. Plaintiff's motion for law library time, Dkt. 71, is DENIED as moot.

4. Plaintiff's motion to compel, Dkt. 91, is DENIED.

5. Plaintiff may have until March 23, 2020, to send defendants a signed copy of their medical-record authorization form.

6. The schedule is amended as set forth above.

Entered March 9, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge